UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WALKER III,<br><br>                                 Plaintiff,<br>v.<br><br>MARTIN O' MALLEY, COMMISSIONER OF SOCIAL SECURITY,<br><br>                                Defendant. | Case No.:  24CV976-BLM<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS**<br><br>**[ECF NO. 2]** |

The instant matter was initiated on June 3, 2024 when Plaintiff filed a complaint seeking review of the Commissioner's decision to deny Plaintiff's application for Title II Social Security Disability Insurance benefits for lack of disability. ECF No. 1 at 1.  That same day, Plaintiff filed an Application To Proceed In District Court Without Prepaying Fees or Costs. ECF No. 2.  Plaintiff has not established that he is unable to pay the $405 filing fee without impairing his ability to pay for life's necessities. Accordingly, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED**.

**Application to Proceed in District Court without Prepaying Fees or Costs**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or

1

24CV976-BLM

security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the $60 filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has not satisfied his burden of demonstrating that he is entitled to IFP status. According to his affidavit in support of application, Plaintiff is not employed but receives $1,350 per month in retirement, $266 per month in unemployment payments, and $200 per month in public assistance.[1] ECF No. 2 at 1-2. Plaintiff has $300 in cash and $1900 in a checking account.

---

[1] Plaintiff received $400 per month from employment during the past twelve months but does not expect to receive that money next month. ECF No. 2 at 1.

Id. at 2.  It does not appear that Plaintiff is married, and he has no dependents who rely on him for support.  Id. at 2-3.  Plaintiff states that he owns a house worth $600,000 and two cars worth $2,000 and $500 respectively.  Id. at 3.  Plaintiff spends approximately $1000 per month on mortgage and property tax payments, $200 per month on utilities, $300 per month on home maintenance, $300 per month on food, $50 per month on clothing, $50 per month on laundry and dry cleaning, $100 per month on transportation, $100 per month on car insurance, $125 per month on home insurance, $130 per month on life insurance, $200 per month on credit card bills, and $100 per month on entertainment.  Id. at 4-5.  Plaintiff's monthly expenses total $2655.  Id. at 5.

Although Plaintiff is not employed, he owns a home, owns two vehicles, and has $2,200 in cash and checking accounts.  Id. at 2-3.  While Plaintiff states that he is unemployed and has high credit card debt, he can afford the $405 filing fee.  Plaintiff has monthly income and several of his listed expenses are not "necessities of life" so Plaintiff can minimize or eliminate them for a month or two to pay the filing fee.  Based upon the foregoing, the Court finds that Plaintiff has not established that he is unable to pay the $405 filing fee without impairing his ability to pay for life's necessities.

## **CONCLUSION**

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED**. No later than **June 25, 2024**, Plaintiff must pay the $405 filing fee.  If Plaintiff fails to do so, the Court will dismiss the Complaint and close the case.

**IT IS SO ORDERED**.

Dated:  6/5/2024

Hon. Barbara L. Major
United States Magistrate Judge